FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

Filed and Attested by the
Office of Judicial Records
24 MAY 2025 08:53 pm
S. RICE

DAVID HATCHIGIAN
2414 TOWNSHIP LINE ROAD
HAVERTOWN PA. 19083
PLAINTIFF
vs

JOHN J. WHALEN ESQUIRE
GIBSON & PERKINS P.C.
PAUL FELLMAN ESQUIRE
THE LAW OFFICE OF MICHAEL ALAN SIDDONS,
MICHAEL ALAN SIDDONS ESQUIRE
DAVID NARDINLY & MARDINLY ENTERPRISES, LLC
DEFENDANT'S

REQUST FOR ELECTRIONIC COURT ROOM

JURY TRIAL DEMAND 12+ 2

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania  19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

**10-284**

## IN THE COMMON PLEAS COURT OF PHILADELPHIA COUNTY

| | | |
|---|---|---|
| DAVID HATCHIGIAN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION No. _____ |
| v. | : | |
| | : | |
| JOHN J. WHELAN, GIBSON & | : | **VERIFIED COMPLAINT** |
| PERKINS P.C., PAUL FELLMAN, | : | |
| ESQ., THE LAW OFFICE OF | : | |
| MICHAEL ALAN SIDDONS, ESQ. | : | |
| MICHAEL ALAN SIDDONS, ESQ., | : | |
| DAVID MARDINLY and MARDIN | : | **JURY TRIAL DEMAND** |
| LY ENTERPRISES, LLC | : | |
| | : | |
| **Defendants.** | : | |

Plaintiff, David Hatchigian ("Plaintiff"), brings this action against Gibson & Perkins, P.C., Paul Fellman, Esq,, the Law Office of Michael Alan Siddons, Esq., Michael Alan Siddons, Esq., John J. Whelan, in his official capacity as a judge of the court of Common Pleas of Philadelphia County, PA., David Mardinly and Mardinly Enterprises, LLC, demanding relief for violations of his constitutional rights under 42 U.S.C. § 1983. The complaint exhibits cited in this Complaint are referenced as "§1983 EX" herein below.

### JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 42 Pa. C. S. § 931, which vests the Courts of Common Pleas with

Case ID: 250503138

unlimited original jurisdiction in all cases not exclusively vested in another court. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of rights secured by the United States Constitution, including the Fourteenth Amendment. This Court has concurrent jurisdiction over the 42 U.S.C. § 1983 claims in that Congress has not explicitly stated otherwise.  It may hear Plaintiff's federal law claims, including those arising under the U.S. Constitution and 42 U.S.C. § 1983.

## PARTIES

2.    Plaintiff David Hatchigian is a resident of Pennsylvania.

3.    Defendant John J. Whelan is a judge in the Court of Common Pleas of Delaware County, PA. ("Judge Whelan"), with a service address located at Office of Judicial Support Government Center Building, Room 126 201 West Front Street Media, PA 19063 Phone: (610) 891-4370.

4.    GIBSON & PERKINS P.C. is a law firm doing business in the state of Pennsylvania with an office located at SUITE 204 100 WEST SIXTH STREET MEDIA, PA 19063 610.565.1708 | 610.565.4358 [FAX].

5.    Defendant PAUL FELLMAN, ESQ. ("Fellman") is an attorney practicing law within the state of Pennsylvania and employed by defendant GIBSON & PERKINS P.C., SUITE 204 100 WEST SIXTH STREET, MEDIA, PA 19063. Attorney Fellman represented David Mardinly and Mardinly Enterprises LLC in the state proceeding.

2

6.    Defendant MICHAEL ALAN SIDDONS, ESQ. ("Siddons") is an attorney practicing law within the state of Pennsylvania and employed by THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ., 230 N. MONROE STREET, P.O. BOX 403, MEDIA PA. 19063.  Attorney Siddons also represented David Mardinly and Mardinly Enterprises LLC in the State Court Proceeding.

7.    Defendant MARDINLY ENTERPRISES, LLC ("MEL") is an automotive repair shop located in Delaware County, 701 Parkway BLVD Broomall Pennsylvania, 19008 and does regular business in Pennsylvania.

8.    Defendant DAVE MARDINLY ("Mardinly") is the owner and operator of Defendant MARDINLY ENTERPRISES, LLC and resides in Delaware County.

9.    MEL, David Mardinly and their counsel in the State Court Proceeding are collectively cited as "the Mardinly Parties".

## FACTUAL ALLEGATIONS

### *Hatchigian v. Dave Mardinly and Mardinly Enterprises, LLC* , Delaware County Common Pleas Court #CV-2021-006274 ["State Court Proceeding"; "Underlying Action"]

10.    On September 30, 2021 Plaintiff filed the complaint in the State Court Proceeding, seeking damages for Negligent Repair (Count One), Breach of Contract (Count Two) Unfair Trade Practices Act (UTPCPL) (Count Three),

3

Case ID: 250503138

Restitution/ Reimbursement (Count Four) Count Five alleged breach of contract against co-defendant Wells Fargo.

11.    Whelan allowed MEL to ignore all notices of deposition served pursuant to the court's original scheduling order

12.    Whelan did not sanction defendants' failure to respond to discovery, unlawfully depriving pro se Plaintiff of discovery in connection with the State Court Proceeding. He allowed defendants to ignore the notices of deposition served pursuant to the original scheduling order. A Supplementary Trial Assignment Order was entered on September 13, 2022 with trial dates scheduled for July 14 –Aug. 11, 2023.

13.    The supplemental left insufficient time to conclude all discovery due to MEL's unresponsiveness, but Whelan informed Plaintiff (at the hearing on January 6, 2023) that an arbitrated case eliminated the need for any party depositions. [§1983 EX. 1284 ("THE COURT: Oh okay. So, you have notes of testimony. So, he's already basically been deposed.  MR. HATCHIGIAN: Pardon me.  THE COURT: He's already basically been deposed.")]

14.    Prior to trial, Whelan dismissed Individual Defendant Dave Mardinly from the Underlying Action on June 23, 2023. [§1983 EX. # 24]

15.    Whelan refused to recuse from the State Court Proceeding despite this evidence of bias, contrary to *Caperton v. Massey Coal Co.*, 556 U.S. 868 (2009).

Case ID: 250503138

16.    Whelan ignored MEL's default in being deposed on March 13, 2023

17.    Whelan failed to compel party depositions or sanction Dave Mardinly's ongoing refusal to be deposed after March 13, 2023, depriving Plaintiff of any deposition related discovery and the right to file a motion for summary judgment based on the conduct of depositions.

18.    Whelan allowed 8 months elapse before denying plaintiff's Motion to Compel.

19.    The stated basis for Whelan's denial of Plaintiff's motion to compel was a missing Delco cover sheet, but the Delaware County Prothonotary had already accepted the motion without the cover sheet.

20.    As Whelan knew, 231 Pa. Code Rule 205.5 (Cover Sheet) did not apply to Plaintiff's Motion to Compel, as filed, given that the Official Note to Pa. Rule 205.5 explained that "When a defendant in an action before a magisterial district court appeals the decision to the court of common pleas, the plaintiff in the action before the magisterial district court shall complete the cover sheet when filing the complaint with the prothonotary." [Official Note, 231 Pa. Code Rule 205.5]

21.    Whelan ultimately denied all three (3) of plaintiff's motions to compel, further failing to supervise the pretrial discovery process in accordance

5

with the rules of civil procedure and denying pro se access to the discovery process.

22.    The trial court denied Plaintiff's motion to compel without weighing any arguments relating to MEL's discovery abuses at trial. [Tr. p. 68, 10-18 ( "Originally when I served my interrogatories, production of documents and admissions. THE COURT: This is not the time for this, sir. This is trial, but go ahead. MR. HATCHIGIAN: -- and then they refused to answer them. I filed a motion to compel not once, but twice, and they were dismissed. THE COURT: I don't know anything about it.")

23.    Whelan ignored MEL's failure to respond to Plaintiff's Requests for Admissions and First Set of Interrogatories and Requests for Production of Documents and, as a result, no responses were compelled or depositions conducted prior to trial.

24.    Whelan knew that removing the intake manifold did not give a mechanic access to the fuse MEL contracted to replace, as a threshold matter, but refused to compel defendant MEL's compliance with District Justice D'Agostino's prior repair reconstruction order [§1983 EX. 17]

25.    Whelan would have read Mardinly's contradictory written statement to the Attorney General's office regarding a manifold wire. [§1983 EX. 124 ("The tech found that a wire had shorted on the manifold causing the fuse to blow")

6

Case ID: 250503138

[§1983 EX. #124], and known that it conflicts with Mardinly's account of the same repair to the arbitration panel on June 23, 2022 [§1983 EXHIBIT NO. 1185-1193]

26.     Due to Whelan's supervision of pre-trial discovery or lack thereof, the jury trial on the claims in the State Court Proceedings was conducted on September 11, 2023 absent complete responses to Plaintiff's Interrogatories, Requests for Production and Notice for Admissions.  [§1983 EX.'s 349-371]

27.     In the course of the bifurcated jury/bench trial held on September 11, 2023, in the underlying action, presiding trial judge Whelan:

    a)     Granted the motion in limine to preclude Dave Mardinly's criminal conviction to impeach Mardinly's hearsay version of the fuse replacement (i.e., the repair at issue). [§1983 EX. 124]  Receipt of Stolen Goods and sentencing of nine (9) Months' Imprisonment plus three (3) Years' Supervised Release, with a $15,000 Fine, a $100.00 Special Assessment, Criminal Dkt Case No. 2:02-cr-00483-LDD-1, U.S. Dist. Ct., Eastern District of Pennsylvania (Philadelphia)]

    b)     Admitted owner Mardinly's trial testimony (having dismissed Mardinly as a party from the case, then dispensed with any trial evidence that could impeach non-party Mardinly's hearsay account

7

Case ID: 250503138

of the repair services contract and what repairs were actually performed by MEL);

c)    Admitted all of the trial testimony by surprise witness Alex Zhekhov, although MEL had continuously failed to name Zhekhov as the mechanic who worked on Plaintiff's vehicle or respond to pretrial subpoenas served in advance of trial. [See §1983 EX.'s 349-371. See also, §1983 EX. 303, transcript p. 66; lines 21-25; EX. 639 (Subpoena)] ("The purpose of the discovery rules is to 'prevent surprise and unfairness and to allow a fair trial on the merits.'" *In re Tecce*, 2593 EDA 2023, J-S28045-24 (Pa. Super. Ct. Nov 18, 2024));

d)    Overruled Plaintiff's objection to Zhekov's description of a complex repair which was newly raised for the first time at trial and not disclosed by counsel until the day of trial;

e)    Excluded Plaintiffs' copies of manufacturer Ford Motor Company schematics so that the jury was prevented from correctly identifying the part MEL agreed to repair;

f)    Withheld the material terms of the parties' repair contract from the factfinder.

8

Case ID: 250503138

g)    Having failed to sanction MEL's contempt of the repair

reconstruction order in effect during pre-trial discovery, the bounds

of judicial discretion were further exceeded by Whelan, by (i)

striking Plaintiff's negligence claim right after the voir dire, (ii)

striking the consumer protection statute claim just before jury

deliberations [notwithstanding Justice D'Agostino's prior order

(entered pursuant to 73 P.S. § 201-3.1 and granting Plaintiff the

right to exercise repair verification rights pursuant to Chapter 301

of the Automotive Industry Trade Practices. [See §3.1 of the

UTPCPL and (iii) submitting to the jury and charging the jury with

only the breach of contract against MEL.

28.    Whelan knew that surprise witness Zhekhov's version of the at-issue

repair was being disclosed for the first time on the day of trial.

29.    Whelan would have been aware that owner Mardinly was not required

to be licensed in automotive repair to own and operate MEL, and that Mardinly's

own hearsay account of the contracted-for fuel wire replacement was therefore not

only inadmissible but redundant in light of mechanic Zehkov's firsthand trial

testimony as to the repair performed.

9

Case ID: 250503138

30.    Such evidentiary rulings were the fruit of Whelan's operative bias and resulted in Whelan's asymmetric conduct of the Underlying Action, allowing the Mardinly Parties to prevail at trial without submitting to discovery or depositions.

31.    The Mardinly Parties were able to avoid all exposure to a judgment of liability in the State Court Proceedings absent any showing as to how the complex engine disassembly asserted to justify MEL's billing was ever necessary to the switching out of a single blown fuse in the truck's fuel computer.

32.    Plaintiff duly appealed the jury verdict by filing his Notice of Appeal on October 4, 2023.

33.    On appeal, Plaintiff noted that Whelan had improperly admitted Mardinly's hearsay version of the fuse replacement at trial, failed to issue any discovery sanctions for the failure to be deposed on March 13, 2023 [[§1983 EX's 630-635, respond to discovery demands or comply pretrial subpoenas.

34.    The appeal also cited the fact that the entirety of Zhekhov's surprise trial testimony was allowed by Whelan [§1983 EX.'s 349-371] while overlooking the Mardinly Parties' inability or unwillingness to accurately identify the part repaired prior to trial.

35.    In stark contrast to Whelan's treatment of Non-party Mardinly's own hearsay testimony, Whelan excluded MEL's written statement to the Attorney General and the Attorney General's response as to Plaintiff's account of the repair

10

Case ID: 250503138

he was charged for, deeming the statement inadmissible hearsay. [§1983 EX.852 ("Plus anything that the Attorney General would have said or done is hearsay.")] The jury verdict was reached without the jury being aware that the Mardinly Parties had continually misrepresented the basis for MEL's billing the eight (8) hours to remove the vehicle's intake manifold, and that the repairs cited by MEL were not required for fuse replacement.

36.    At all relevant times, Whelan's intentional misrepresentations, bias and collusive conduct in concert with the Mardinly Parties effectively withheld from the factfinder in the state court proceedings:

    a.    MEL's conflicting versions of the invoiced repair;

    b.    Plaintiff's right to repair verification under Chapter 301, Automotive Industry Trade Practices [§1983 EX. 219];

    c.    MEL's continuing failure or refusal to enforce Plaintiff's right to repair reconstruction pursuant to Justice D'Agostino's Chapter 301 Repair Reconstruction Order pursuant to Pennsylvania's consumer protection law[§1983 EX. 17] [1]

---

[1]  The jury was also left unaware of MEL's earlier failure to disclose witness Zhekhov in advance of the trial date.

Case ID: 250503138

    d.      MEL's failure to call the required trial expert to testify to the complex disassembly process it represented to the Office of the State Attorney General. [§1983 EX.1042];

    e.      MEL's submission of photographs of a different vehicle that did not belong to Plaintiff to the  District Justice [§1983 EX. 9]

2.      Driven by pro-defense bias, Whelan denied Plaintiff's Rule 201 Cross-Motion for Judicial Notice [Filed July 3, 2023] as to Mardinly's criminal conviction relating to the automotive trade.

3.      Motivated by bias, Whelan avoided addressing MEL's discovery abuses and instead i) granted MEL's *in limine* request to exclude all Magisterial District Court and Arbitration transcripts at trial, taking this extra step to secure a verdict in MEL's favor and minimize Mr. Mardinly's exposure to a judgment of liability in the Underlying Action and ii) struck Plaintiff's Negligence claim altogether based on attorney Fellman's untimely motion and despite evidence of MEL's contractual breach and deceptive business practice as defined under Chapter 301 Automotive Industry Trade Practices. See 73 P.S. § 201-3.1:

> Whelan: It's really breach of contract. This is a  breach of contract action. And that's what the jury's going to be instructed on, is breach of contract. Mr. Hatchigian can bring up that either the work wasn't done that he contracted for or was excess of what he contracted for. He can bring up faulty repairs or whatever he wants as it relates to contractual action in this particular matter. But nothing to do with the

Case ID: 250503138

Unfair Trade Practices Act. And for it is really not a negligence case. I
mean, negligence is completely different. Okay."
Mr. Siddons: "Thank you, Your Honor." )

See also, §1983 EX. 852 (".....I'm going to decide it myself and you are going to

have an opportunity to address it to me as it relates to Consumer Protection Law

and Unfair Trade Practices. Okay. Plus anything that the Attorney General would

have said or done is hearsay. Okay.")

    4.    At times relevant to this Complaint, Whelan would have had notice of

the evidentiary weight and impeachment value of Dave Mardinly's theft-related

conviction for receiving stolen motors.  Whelan ruled the conviction for stolen

motors inadmissible as impeachment evidence at trial although Whelan had

dismissed nonparty Mardinly from the case,  the criminal conviction was less than

20 years old and the conviction only further disqualified Mardinly from testifying

second hand to the repair being tried.[2]

    **5.    Motivated by the same pro-defense bias, when dismissing the**

**negligence count, Whelan overlooked MEL's refusal to be deposed or comply**

**with the Repair Reconstruction Order Pursuant to Ch 301 Automotive**

---

[2] Based on the term of owner Mardinly's Supervised Release and his satisfaction of
the financial penalties portion of the judgment in 2010, the conviction was not yet
twenty (20) years-old when MEL sent the fraudulent invoice.

Case ID: 250503138

**Industry Trade Practices and §3.1 of the UTPCPL (73 P.S. § 201-3.1), along with Dave Mardinly's varying accounts of the repair to the Arbitration Panel, the state Attorney General's Office and the jury at trial.**

6.   During defense summations, MEL's attorney falsely informed the jury that Plaintiff took his vehicle without paying [§1983 EX. 414], confident in Whelan's inaction based on the conduct of pre-trial.

7.   The jury found in MEL's favor on the surviving breach of contract claim.

8.   The verdict was docketed on Sept. 13, 2023, and Whelan denied all post-trial relief on September 24, 2023.

9.   Plaintiff sought allowance to appeal the verdict from the Pennsylvania Supreme Court.

10.   Having just secured their victory at trial with the trial court's assistance, the Mardinly Parties sealed the deal by declining to respond to Appellant's Petition for Allowance on November 11, 2025. [§1983 EX. 792-793]

11.   Motivated by his continuing pro-defense bias, Whelan drafted his Opinion (December 6, 2023), recommending quashal of Plaintiff's appeal and glossing the lack of timely e-filing notifications during the State Court Proceeding. [§1983 EX.464], and the appeal was quashed was quashed as a result.

14

Case ID: 250503138

12.    At all relevant times before during and after trial, the Defendants acted under the color of law and with notice that their intentional misrepresentations to the state court were likely to procure dismissal and the denial of due process thereby.  The rights violated include i) the statutory right to repair verification; ii) the right to civil due process; iii) a pro se litigant's right to access the civil courts for a legal remedy and iv) the right to appropriate judicial supervision of the discovery process by the trial court in accordance with the rules of civil procedure.

13.    At all times relevant to this Complaint, Pro se Plaintiff was deprived of all discovery or ability to address MEL's discovery noncompliance.

14.    At all relevant times, Whelan and the Mardinly Parties sought to dispose of the *pro se* claims and thereby minimize the defendants' exposure to a judgment of liability and/or treble damages.

15.    Whelan and the Mardinly Parties mutually ignored the trial court's failure to provide service conforming to Pa. Rule 236, which caused in part *pro se* Plaintiff's damages. Pa. r. 236.

16.    Whelan and the Mardinly Parties mutually violated their duty to recognize and report the e-filing docket system's temporary suppression of timely Rule 236 notifications to the trial and appellate courts. (In contrast Plaintiff himself reported this lapse to the prior courts.)

15

Case ID: 250503138

17.     As a result of Whelan's failure or refusal to adequately supervise discovery, Plaintiff was forced to try each cause of action without the benefit of discovery or depositions.

18.     The aforementioned coordinated conduct by Whelan and the Mardinly Parties has materially altered the outcome of the State Court Proceeding.

19.     A verdict in Plaintiff's favor would have resulted, but for Whelan's conduct.

20.     Due to the aforementioned collusive conduct by Trial Judge Whelan in concert with the Mardinly Parties before during and after the state court trial on September 11th, Pro se Hatchigian was denied normal access to the civil court and a jury trial, deprived of any adjudication on the merits and denied procedural due process on any of his legal claims.

21.     The exception for malicious attorney conduct towards foreseeable non-clients and third parties applies to adversarial attorney conduct alleged in this case, absent privity or any attorney client relationship.

## COUNT I – VIOLATION OF DUE PROCESS (42 U.S.C. § 1983) [against JOHN J. WHELAN]

22.     The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of Count I.

23.     Such rulings and other conduct by Judge Whelan exceeded the trial court's authority while denying all due process on the claims in the State Court

16

Proceeding, and unlawfully procured the jury verdict in MEL's favor. [§1983 EXHIBIT 774]

24.      Whelan waited eight (8) months to deny Plaintiff's Motion to Compel for failing to attach a Delco cover sheet after the Delaware County Prothonotary accepted the motion without the cover sheet on a date *when none was required.* (See Official Note, 231 Pa. Code Rule 205.5)

25.      Plaintiff duly conformed his filing to the (inapplicable) cover sheet requirement and re-filed it the next day, but Whelan then waited three (3) full months to deny the pro se motion a second time, skipping the need to reschedule the March 13, 2023 deposition defaulted upon by MEL.

26.      Judge Whelan thereafter denied Plaintiff's Motion for Extraordinary Relief while still refusing to compel the outstanding discovery or extend any discovery dates.

27.      Whelan essentially secured a verdict in favor of the Mardinly Parties' by unlawfully depriving *pro se* Plaintiff of any meaningful discovery in the State Court Proceeding, while refusing to address let alone sanction MEL's failure to exchange document discovery even after defaulting on MEL's March 13, 2023 deposition.

28.      As Whelan and counsel would have been aware, denying all three motions to compel the outstanding discovery on top of *pro se* Plaintiff's Motion

17

for Extraordinary Relief meant that that all of the pro se causes of action in the state proceeding would be forfeited.

29.    The above one-sided evidentiary rulings and failure to properly supervise the discovery process in the Underlying Action on the part of Judge Whelan is inconsistent with the Pa. rules of civil procedure, exceeded the judge's judicial discretion, and violates settled duties to parties and, in particular, pro se litigants, in state court proceedings.

30.    Before during and after trial in the State Court Proceeding, Whelan, an officer of the court, acted in concert with the Mardinly Parties to deprive the pro se plaintiff of his right to discovery and the right to a jury trial on the merits, in violation of the Fourteenth Amendment, and these rights were actually denied.

31.    Having inappropriately dismissed Mr. Mardinly from the case as a party on June 23, 2023, Defendant Whelan further denied Plaintiff procedural due process when precluding Mardinly's criminal conviction to impeach Mardinly's secondhand/hearsay version of the at-issue repair, while admitting Zhekhov's surprise trial testimony despite Zhekhov's defiance of plaintiff's subpoenas. [§1983 EX. 349-371;§1983 EX. 303, transcript p. 66; lines 21-25; see also, EX. 639 (Subpoena)].

32.    Whelan's conduct falls beyond the scope of judicial immunity.

Case ID: 250503138

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial.

## COUNT II – CIVIL CONSPIRACY (42 U.S.C. § 1983)
### [Against all Defendants]

33.    Defendants' collusion to deprive *pro se* of all discovery constitutes an unlawful conspiracy under *Dennis v. Sparks*, 449 U.S. 24 (1980).

34.    By reason of the aforementioned acts, policies, practices, procedures, and/or customs created, adopted, and enforced under color of state law, Defendants have deprived David Hatchigian of his right to due process of law in violation of the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.

35.    As a direct and proximate result of Defendants' violation of the Due Process Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his fundamental constitutional rights, entitling him to injunctive and declaratory relief, nominal and compensatory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial.

## COUNT III –BREACH OF DUTIES

Case ID: 250503138

36.    The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of Count II.

37.    The Defendants breached settled duties to plaintiff, causing Plaintiff's damages.

38.    Defendants' unreasonable and/or intentional conduct is actionable under 42 U. S. C. S. 1983.

39.    Their willful disregard of David Hatchigian's rights was not protected by judicial immunity.

40.    Defendants were negligent absent privity with Plaintiff, causing Plaintiff's damages.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial.

## COUNT IV – INJUNCTIVE RELIEF
## [AGAINST THE MARDINLY PARTIES]

41.    The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of injunctive relief.

42.    Plaintiff requests an injunction preventing the Mardinly Parties from further harassing Plaintiff in the future and while this federal case is pending.

43.    The aforementioned conduct has necessitated injunctive relief to prevent future constitutional violations.

Case ID: 250503138

44.    To deter Plaintiff from pursuing the State Court Proceeding, Defendants have threatened Plaintiff with future harassment and litigation in order to conceal their false statements in the course of defending the Underlying Action

WHEREFORE, Plaintiff, David Hatchigian, respectfully requests the entry of a permanent injunction against Defendant Mardinly and Mardinly Enterprises precluding them from engaging in conduct similar to the aforementioned conduct in the future.

## COUNT V – COMMON LAW FRAUD
### [ALL DEFENDANTS]

45.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if restated verbatim herein.

46.    The Defendants engaged in intentional misrepresentation meant to deceive the prior courts, and, as intended by the Defendants, the state trial court was actually deceived, causing Plaintiff's damages.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in the SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial

## COUNT VI
## PROFESSIONAL NEGLIGENCE
### [GIBSON & PERKINS P.C., FELLMAN, SIDDONS]

47.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if restated verbatim herein.

Case ID: 250503138

48.    At all times relevant to this Complaint, the Defendants were on notice of the applicable law and the relevant facts.

49.    In Pennsylvania, they had legal duties to nonclient Hatchigian absent contractual privity with Plaintiff which they recklessly breached.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial

## COUNT VII
## NEGLIGENT RETENTION AND SUPERVISION/VICARIOUS LIABILITY)
## [GIBSON & PERKINS P.C.]

50.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if restated verbatim herein.

51.    In the State Court Proceeding, attorney PAUL FELLMAN, ESQ. was under the direction, supervision and control of THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ. and THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ. has assumed liability for agent Fellman's negligence and fraud based on a principal-agent or master-servant relationship.

52.    In the State Court Proceeding, attorney MICHAEL ALAN SIDDONS, ESQ. was under the direction, supervision and control of GIBSON & PERKINS P.C.., and GIBSON & PERKINS P.C. has assumed liability for agent Siddon's negligence and fraud based on a principal-agent or master-servant relationship.

22

Case ID: 250503138

53. The employing law firms are vicariously liable for its agents' acts as herein alleged, subject to indemnification. See, for example, *Epstein v. Saul Ewing, LLP*, 7 A.3d 303 (Pa. Super. Ct. 2010)(Citing *Bernhardt v. Needleman*, 705 A.2d 875, 878-79 (Pa.Super.1997)("the attorney's law firm can be vicariously liable for conversion.' "); *Beyers v. Richmond*, 937 A.2d 1082, 594 Pa. 654 (Pa. 2007)(law firm vicariously liable for firm's associate's conversion of funds.)

54. As a direct and proximate result of the vicarious liability of the Defendants for the aforementioned negligence and fraud, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands that judgment be entered against THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ. and GIBSON & PERKINS P.C. in the non-duplicative SUM CERTAIN of $25,000.00, plus lost claim value plus costs to bring this action, including copying, legal research, litigation support, process server, IT, and filing fees, and motion costs and the *pro se* equivalent of attorney's fees calculated at $115.00/hr. (See Local 98's rate sheet [§1983 EX. 791]

## COUNT VIII
## PUNITIVE DAMAGES

55. The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of Count III.

23

Case ID: 250503138

56.    The Defendants acted maliciously, recklessly, and with deliberate indifference to Plaintiff's constitutional rights. Therefore Plaintiff is entitled to the maximum in punitive damages allowed by law.

## COUNT X – ATTORNEY'S FEES UNDER 42 U.S.C. § 1988

57.    The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of injunctive relief.

58.    As this lawsuit is brought under 42 U.S.C. § 1983, Plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

59.    Therefore, Plaintiff seeks full reimbursement for litigation costs and fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order:

a) Denying judicial immunity and allowing this case to proceed to trial against all Defendants;

b) Declaring that Plaintiff's constitutional rights to civil due process and access to discovery were denied by the Defendants herein;

c) Awarding Plaintiff the **SUM CERTAIN of One Hundred Thousand Dollars ($100,000.00)** against Defendants, jointly and severally;

d) Awarding punitive damages against the Defendants in the maximum permitted by law and Plaintiff's litigation costs or the *pro se* equivalent of attorney's fees under 42 U.S.C. § 1988;

e) Enjoining the Defendants from future repetition of the bad faith litigation conduct cited herein; and

24

Case ID: 250503138

f) Granting Plaintiff all such further relief as this Court deems just and proper.

Respectfully submitted,

*David Hatchigian*

_____

**David Hatchigian,** *Pro se*
**2414 Township Line Road**
**Havertown, PA 19083-5236**
david3091@outlook.com
**610-446 -7257**

**MAY 24, 2025**

25

Case ID: 250503138

## VERIFICATION

I David Hatchigian, plaintiff, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge, and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa. C.S.A., §4909 relating to unsworn falsification to authorities.

*David Hatchigian*

May 23, 2025                          David Hatchigian