IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HATCHIGIAN** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 25-3551** |
| | : | |
| **JOHN J. WHELAN**, *et al*. | : | |

**McHUGH, J.**                                                                                       September 10, 2025

**MEMORANDUM**

**I.      Relevant Background**

*Pro se* Plaintiff David Hatchigian has moved for recusal pursuant to 28 U.S.C. §§ 144 and 455. He contends that, in dismissing with prejudice two of his prior complaints, I "failed to uphold *pro se* civil due process" and "demonstrate[ed] a pervasive anti-*pro se* bias that short-circuited each [case] on nonviable procedural grounds."[1] ECF 18 at 5. He further asserts that my rulings were "directly at odds with the facts and the applicable law" and outside "the scope of [my] judicial authority." *Id.* at 6. Finally, Mr. Hatchigian also maintains that my characterization of him as a "serial litigator" is indicative of my "prejudicial personal bias." *Id.* at 15.

**II.     Discussion**

Under 28 U.S.C. § 144, a district court judge must recuse if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party." Moreover, regardless of whether a party files a recusal motion, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

---

[1] *See Hatchigian v. Capital One* (24-cv-2382) and *Hatchigian v. United States of America* (24-cv-3783).

The bulk of Plaintiff's motion relates to his displeasure with my prior rulings. The Supreme Court has observed that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Adverse rulings "are proper grounds for appeal, not for recusal." *Id.* The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). In the prior proceedings, following a careful review of the parties' submissions, I dismissed Plaintiff's claims with prejudice because, in my view, there was no plausible basis on which he could prevail. In the one action, he sought damages from a bank for emotional distress when it did not activate a credit card he had not even requested. In the other, he sued multiple parties for damage to his car mirror and persisted with the claim even after the United States, acting on behalf of the Postal Service, tendered a check for the full amount of the claimed loss during the pre-suit administrative process. These actions were palpably lacking in merit. Plaintiff of course had an opportunity to challenge my rulings on appeal, but in both instances, he chose not to do so.[2]

Although Plaintiff's motion could be denied on that basis alone, I will also explain the relevance of the "serial litigator" designation. By way of initial observation, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555. Mr. Hatchigian has appeared before me in prior proceedings, and before

---

[2] Instead of filing an appeal, Plaintiff wrote a lengthy letter to former President Barack Obama and former First Lady Michelle Obama delineating a litany of purported errors in my ruling. Plaintiff sent a copy of his letter to Chambers, with the header: "David Hatchigian v. United States of America . . . WHAT REALLY HAPPENED."

many other members of this court. He brings that history to every action he files, which has potential relevance, as follows.

When a motion to dismiss is brought, pleadings are evaluated for plausibility. A long-standing pattern of unsuccessful litigation could have some relevance to that analysis. Second, a litigant who repeatedly sues without success may be filing cases not for the purpose of resolving a genuine dispute, but simply to take satisfaction from the process of litigating with no goal apart from engaging in the process itself. Courts exist to provide redress where it is warranted. When a litigant presses a case even after a loss was compensated without the need for litigation, as happened in *Hatchigian v. United States of America,* 24-cv-3783, there is a strong suggestion that the jurisdiction of the court is being misused. Third, defendants in civil cases are inconvenienced and must expend resources. A pattern of repeated unsuccessful litigation raises the specter that litigation is being pursued vindictively. Here, in a minor dispute over a repair bill, Mr. Hatchigian has already pursued litigation in the state courts a manner that evokes Dickens' *Bleak House.* This raises concern over the purpose being pursued here. Fourth, the public has an interest in how resources are expended, and a citizen looking in on the court system may question why a court is investing resources in cases such as those described above. Reference to a party as a serial litigant is a signal to the reader that a particular litigant's implausible case is not necessarily representative of the serious business of the courts as a whole. Finally, in reviewing the decisions of district courts, an appellate court may also gain perspective from a party's litigation history, particularly where the district court seeks to resolve a case efficiently.[3] Indeed, a close review of Mr.

---

[3] I note that the Third Circuit has used similar language on several occasions. *See, e.g.*, *LeBoon v. Scottrade, Inc.*, 783 Fed. App'x. 129, 130 n.1 (3d Cir. 2019) ("LeBoon is a serial litigant in both the federal and state courts.") (Cowen, J.); *Malhan v. New Jersey*, No. 21-2969, 2023 WL 1793873, at *2 n.4 (3d Cir. Feb. 7, 2023) ("Malhan has been a serial litigant in federal court, raising a wide variety of claims related to the proceedings in the state family court.") (Scirica, J.); *Feingold v. Quinn*, 558 Fed. App'x. 278, 280 n.4 (3d Cir. 2014) ("Feingold is a serial litigant, and the numerous, meritless cases he has brought in federal and

3

Hatchigian's substantial litigation history shows that over time, courts have in many instances streamlined their analysis. Reference to Plaintiff as a serial litigant is relevant in all these respects.

I reiterate, however, that my prior rulings were grounded in the relevant law, and the application of that law to the facts as alleged: Plaintiff's status as a serial litigant did not affect the ultimate disposition of his claims, and he had recourse to appeal. In fact, in a separate context where a defendant recently attempted to invoke a plaintiff's litigation history as a basis for dismissal, I rejected that argument and held that cases should be addressed on the merits. *Shelton v. Pro Source Lending Grp. LLC,* 2025 WL 817485 (E.D. Pa. Mar. 14, 2025).

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Recuse will be denied. An appropriate order follows.

        /s/ Gerald Austin McHugh
United States District Judge

---

state court led to his disbarment in Pennsylvania.") (Jordan, J.); *Wan Sheng Lu v. Attorney General of United States*, 305 Fed. App'x. 870, 872 (3d Cir. 2009) ("Clearly the [Board of Immigration Appeals] did not abuse its discretion in denying the motion to reopen brought by this serial litigator.") (Greenberg, J.); *In re Noble*, 663 Fed. App'x. 188, 189 (3d Cir. 2016) ("Noble is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware.") (per curiam).