IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HATCHIGIAN** | : | |
| | : | CIVIL ACTION |
| v. | : | No. 25-3551 |
| | : | |
| **JOHN J. WHELAN**, *et al.* | : | |

**McHUGH, J.**                                                                                         September 29, 2025

## MEMORANDUM

### I.  Relevant Background

This lawsuit arises out of an underlying state court action involving a $945 repair of Plaintiff's vehicle. In September 2023, following an appeal from the Magisterial District Court, the underlying case proceeded to a bifurcated jury and non-jury trial before Judge Whelan in the Court of Common Pleas of Delaware County. Following a one-day trial, the jury returned a verdict in favor of the defendant repair shop on Plaintiff's breach of contract claim, and Judge Whelan found in favor of the repair shop on Plaintiff's unfair trade practices claim.[1]

---

[1] The state court action lasted nearly four years, consisting of a hearing in the Magisterial District Court, an arbitration before a panel of arbitrators in the Court of Common Pleas of Delaware County, a bifurcated bench and jury trial, ***two*** appeals to the Pennsylvania Superior Court, and a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. While the present lawsuit has been in litigation for only five months, it already has a tortuous procedural history of its own. On March 28, 2025, Plaintiff filed a Complaint in this Court, docketed at 2:25-cv-01639-GAM ("*Hatchigian v. Whelan I*"). The Complaint in *Hatchigian v. Whelan I* set forth the same nine counts which are set forth in the present Complaint. On April 18, Plaintiff withdrew *Hatchigian v. Whelan I* (2:25-cv-01639-GAM, ECF 9), and two weeks later, refiled the complaint at 2:25-cv-02209-GAM (*Hatchigian v. Whelan II*). He did so in the hope of assignment to a different judge. On May 13, Plaintiff filed a motion for my recusal. 2:25-cv-02209-GAM, ECF 5. On May 28, I entered an order dismissing *Hatchigian v. Whelan II* without prejudice, for failure to pay the filing fee or move to proceed *in forma pauperis*. Plaintiff was advised that given his "previous withdrawal and re-filing of this same action, he is advised that should he decide to refile this case or file other cases in this Court *pro se*, the Court's assignment procedures will result in those future cases also being assigned to this judicial officer." 2:25-cv-02209-GAM, ECF 7. On May 24, before withdrawing *Hatchigian v. Whelan II*, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, setting forth the same facts and claims which were included in Plaintiff's prior complaints. Gibson & Perkins, P.C. and Paul Fellman, Esq. removed the state court action on July 11, 2025. ECF 1. On August 15, I denied

In the present suit, Plaintiff sets forth a litany of grievances related to the underlying action. Specifically, he contends that "collusive" activity between Judge Whelan, defense counsel, and the state court defendants rendered the proceeding fundamentally unfair.[2] *See* Compl. at p. 16 ¶ 20.[3] Plaintiff brings claims under 42 U.S.C. § 1983 for violation of his due process rights (Count I) and for civil conspiracy (Count II). He also advances claims for Breach of Duties (Count III), Common Law Fraud (Count V), Professional Negligence (Count VI), and Negligent Retention and Supervision/Vicarious Liability (Count VII). Plaintiff seeks injunctive relief (Count IV), punitive damages (Count VIII), and counsel fees (Count X).[4]

Defendants have moved to dismiss. Because Plaintiff may not use this lawsuit as a vehicle to relitigate identical issues from the underlying action—and because there is no colorable basis to support his claims for conspiracy or the related tort claims—I will grant Defendants' motions in full.

**II.   Standard of Review**

Within the Third Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Because Plaintiff is *pro se*, the Complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519,

---

Plaintiff's Motion to Remand. ECF 17. Plaintiff then filed a motion for my recusal, ECF 18, which was also denied. ECF 23. He has since moved for an interlocutory appeal. ECF 24.

[2] Plaintiff names the following Defendants: (1) Judge John Whelan; (2) Paul Fellman, Esq. and Michael Siddons, Esq. (defense counsel in the state court action); (3) Gibson & Perkins, P.C. and the Law Offices of Michael Siddons (defense counsel's law firms); and (4) state court defendants David Mardinly and his repair shop, Mardinly Enterprises, LLC ("MEL").

[3] At page 12 of the Complaint, the paragraph numbers start over, with the result that there are multiple paragraphs labeled with the same number. For purposes of clarity, when citing to the Complaint I will identify the page number in addition to the paragraph marker.

[4] There is no "Count IX" in Plaintiff's Complaint.

520 (1972), and the Court must "liberally construe" the pleadings. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citations omitted). Nonetheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. Discussion

#### A. Res judicata bars Plaintiff from relitigating the merits of Judge Whelan's rulings.

Pursuant to the Full Faith and Credit Statute, 28 U.S.C. § 1738, "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." *R & J Holding Co. v. Redevelopment Auth.*, 670 F.3d 420, 426 (3d Cir. 2011). Section 1738 "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'" *Id.* (quoting *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 336 (2005)).[5] Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them. *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997). Under Pennsylvania law, issue preclusion bars re-litigation of an issue "in a subsequent suit if, in a prior suit, (1) the same issues (2) were necessary to a final judgment on the merits, and (3) the party against whom issue preclusion is asserted was a party . . . to the prior action and (4) had a full and fair opportunity to litigate the issue in question." *Robinson v. Fye*, 192 A.3d 1225, 1231-

---

[5] The Third Circuit has stated that "the preferred usage of the term res judicata encompasses both claim and issue preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173-74 (3d Cir. 2009) (citing *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997)) (cleaned up).

32 (Pa. Cmmw. Ct. 2018) (citing *Balent v. City of Wilkes-Barres*, 669 A.2d 309, 313 (Pa. 1995)) (cleaned up).

Plaintiff contends that Judge Whelan allowed the state court defendants to ignore discovery requests without consequence, refused to recuse himself, dismissed Mr. Mardinly prior to trial, granted Mr. Mardinly and MEL's Motion in Limine, failed to compel depositions, admitted the trial testimony of Mr. Mardinly and "surprise witness" Alex Zhekhov, and overruled Plaintiff's objections to Zhekhov's testimony.[6]  Compl., ECF 1-2 at p. 4-10 ¶¶ 11-31, 36, p. 12-14 ¶¶ 2-6, p. 16-18 ¶¶ 23-31.

Res judicata precludes Plaintiff from reviving previously decided issues relating to discovery and the admission of evidence during the underlying litigation.  Plaintiff had an opportunity to raise these objections on appeal in the state court system, but he waived his right to do so by filing an untimely post-trial motion and appeal.  *See* ECF 6-3 (Judge Whelan's opinion and recommendation to quash appeal); ECF 6-4 (Superior Court order quashing appeal); ECF 6-5 (Pennsylvania Supreme Court order denying petition for appeal).[7]  Judge Whelan's rulings were by definition necessary to a final judgment on the merits, and they are the same issues that Plaintiff had an opportunity to litigate in the underlying proceeding but which he waived by filing an untimely post-trial motion and notice of appeal.[8]

---

[6] Zhekov appears to be the mechanic who repaired Plaintiff's van, who testified at the underlying trial regarding the scope of the repairs.  *See* Compl. at p. 7-9 ¶¶ 27-29; *see also* ECF 6-3 at 2 n.2.

[7] Courts are "permitted to take judicial notice of docket entries filed in separate litigation proceedings." *FCS Cap. LLC v. Thomas*, 579 F. Supp. 3d 635, 647 (E.D. Pa. 2022); *see also S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint" and "may take judicial notice of another court's opinion – not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.").

[8] The attorney defendants separately argue that Mr. Hatchigian's dismissal of his second action filed in connection with this case renders his claims here barred by res judicata under the "two dismissal rule"

### B. Judge Whelan is immune from suit under Section 1983.

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The doctrine of judicial immunity "is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity); *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome in only two circumstances: "first, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity . . . second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. An act is judicial in nature if "it is a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Here, Plaintiff contends that Judge Whelan's "one-sided evidentiary rulings and failure to properly supervise the discovery process" violated his constitutional right to due process.

---

*Orman v. Citimortgage*, 2016 WL 1592948, at *4 (E.D. Pa. 2016) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990)). ECF 20. This argument also appears to have merit.

5

*See* Compl. at p. 18 ¶ 29.  While these rulings may have been adverse, they were plainly judicial in nature.  Moreover, Plaintiff does not allege that the Judge lacked jurisdiction over the state court matter.  Judge Whelan is therefore entitled to judicial immunity on Plaintiff's section 1983 due process claim.  Count I will be dismissed.

### C. Plaintiff fails to state a plausible Section 1983 conspiracy claim.

Plaintiff also advances a conspiracy claim under 42 U.S.C. § 1983, asserting that Judge Whelan acted in coordination with the other Defendants to deprive him of due process.  As an initial matter, to state a claim under section 1983, a plaintiff must show that an alleged deprivation of a constitutional right "was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  While "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court," *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999), attorneys who "corruptly conspire with a judge in connection with an official judicial act are acting under color of state law within the meaning of § 1983."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (quoting *Dennis v. Sparks*, 449 U.S. 24, 29 (1980)).

As to Judge Whelan, in my view judicial immunity would bar this claim as well. If not, I accept his argument that Eleventh Amendment immunity would bar the claim, ECF 19, and reject Plaintiff's contention that his claim falls within the exception for prospective injunctive relief. ECF 21.

Turning to the other defendants, to establish an unconstitutional conspiracy, "a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  *Great W. Mining & Mineral Co.*, 615 F.3d at 178.  To plead an agreement between private parties and a state court judge, a plaintiff must allege "facts that plausibly suggest a meeting of the minds" such as "specific

6

conduct by the non-judicial actors that caused the judge [] to enter into an unlawful conspiracy." *Id.* at 179.  Critically, "[a] conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)).  As relevant here, the Supreme Court has instructed that "merely resorting to the courts and being on the winning side of a lawsuit does not make the winning party a co-conspirator or a joint actor with the judge." *Great W. Mining & Mineral Co.*, 615 F.3d at 178 (quoting *Dennis*, 449 U.S. at 28) (cleaned up).

Plaintiff contends that Judge Whelan, "[b]efore during and after trial . . . acted in concert with [Defendants] to deprive the *pro se* plaintiff of his right to discovery and the right to a jury trial on the merits" and "sought to dispose of the *pro se* claims and thereby minimize the defendants' exposure to a judgment of liability and/or treble damages."  Compl. at p. 18 ¶ 30; p. 15 ¶ 14.  Plaintiff asserts that the Defendants in the underlying action failed to engage in discovery and that Judge Whelan, driven by "pro-defense bias," failed to sanction their behavior.  *Id.* at p. 4-10 ¶¶ 11-31; p. 12 ¶¶ 2-3.  Additionally, Plaintiff avers that Judge Whelan and the private parties "mutually ignored the trial court's failure to provide service conforming to Pa. Rule 236"[9] and "mutually violated their duty to recognize and report" an alleged malfunction in the electronic docketing system.  *Id.* at p. 15 ¶¶ 15-16.  Plaintiff maintains that, absent this "collusive" and "coordinated" conduct, he would have prevailed on his claims.  *Id.* at p. 16 ¶¶ 18-20.

---

[9] Pennsylvania Rule of Civil Procedure 236 provides that "the prothonotary shall immediately give written notice of the entry of . . . any [] order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment."  Moreover, "[t]he prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents."  Pa. R. Civ. P. 236.

7

Plaintiff's factual allegations fall well short of establishing "plausible grounds to infer an agreement" between Judge Whelan and the private parties. *Great W. Mining & Mineral Co.*, 615 F.3d at 178 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A judge's adverse rulings (even if in error) cannot—without specific factual allegations supporting an agreement—form the basis of a conspiracy claim. *Capogrosso*, 588 F.3d at 185. Moreover, Plaintiff's bare assertions of "coordinated" and "collusive" conduct are wholly conclusory and are not entitled to the presumption of truth.[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Absolutely nothing in the record here suggests that Judge Whelan was doing anything other than making rulings in a case in accord with normal judicial procedure, and it bears emphasis that the case was subject to appellate review in the Pennsylvania courts. Because Plaintiff has not alleged any facts that would plausibly suggest a meeting of the minds, his conspiracy claim under Count II must be dismissed.[11]

### D. Plaintiff's remaining claims must be dismissed, as there is no colorable basis upon which relief can be granted.

Count III of Plaintiff's Complaint purports to set forth a claim against the Defendants for "Breach of Duties." Compl. at p. 20 ¶¶ 37-40. Plaintiff alleges that Defendants "mutually violated their duty to recognize and report the e-filing docket system's temporary suppression of timely

---

[10] In his Response, Plaintiff contends that "an express (or implicit) agreement was at some point reached and operative between the State Judge, adverse counsel of record and their respective law firms, which was specifically aimed at deterring the progress of *pro se* litigation in the State Court Proceedings in violation [of] *pro se* plaintiff's constitutional due process rights." ECF 13 at 12. Such an assertion plainly does not set forth "facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. Moreover, I note that both the Rule 236 and the electronic docketing issue were raised and addressed in the underlying action. Judge Whelan specifically stated in his opinion that "[t]he record reflects that judgment was eventually entered on February 12, 2024 and docketed on February 23, 2024" and that "[t]he docket also reflects that notice of the order was provided to the parties as required by [Rule] 236(b)." *See* ECF 6-3 at 3. And Plaintiff appears to have raised the issue of a breakdown in the court's notification system with Mary J. Walk, Esq., the Director of the Office of Judicial Support in Delaware County, who informed Plaintiff that there was no breakdown in the system. *See* ECF 1-3, at Ex. 0069-71.

[11] Count X of Plaintiff's Complaint seeking counsel fees pursuant to 42 U.S.C. § 1988 must also be dismissed. As a "non-lawyer, pro se litigant," he is not entitled to an award of counsel fees under section 1988. *See Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982).

8

Rule 236 notifications to the trial and appellate courts" and that Judge Whelan's purported failure to supervise the discovery process violated "settled duties." *Id.* at p. 15 ¶ 16; p. 20 ¶ 37. Plaintiff does not specify what duties Defendants owed him, what the applicable standard of care was, how Defendants breached the duties, or how Defendants' breach caused Plaintiff to suffer actual loss. Moreover, Plaintiff's breach of duties claim rests on the same threadbare allegations that form the basis of his conspiracy claim, with the result that Count III of the Complaint must be dismissed.

Count IV of Plaintiff's Complaint seeks "permanent" injunctive relief to prevent Defendants from "threaten[ing] Plaintiff with future harassment and litigation in order to conceal their false statements in the course of defending the Underlying Action." *Id.* at p. 20-21 ¶¶ 42-44. A plaintiff seeking permanent injunctive relief must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). It is not clear from the face of the Complaint what Plaintiff means by "future harassment and litigation." Even construing the Complaint broadly, as I must, Plaintiff has plainly not met his burden of showing "irreparable" harm. I will therefore deny Plaintiff's request for injunctive relief.

Count V of Plaintiff's Complaint purports to set forth a claim against all Defendants for common law fraud. Compl. at p. 21, ¶¶ 45-46. In Pennsylvania, common law fraud consists of six elements: (1) a misrepresentation or concealment; (2) which is material to the transaction at hand; (3) made with knowledge of its falsity or recklessness as to its truth (for a misrepresentation), or calculated to deceive (for a concealment); (4) with intent to mislead another into reliance; (5) that causes justifiable reliance on the misrepresentation; and (6) results in an injury proximately caused

by such reliance. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022) (citing *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994)). Plaintiff alleges that Defendants made "intentional misrepresentation[s] meant to deceive the prior courts, and, as intended by the Defendants, the state trial court was actually deceived, causing Plaintiff's damages." Compl. at p. 21 ¶ 46.[12] Plaintiff's fraud claim is rooted in the same set of facts that form the basis for his conspiracy claim, and his formulaic recitation of the elements of the cause of action cannot elevate his otherwise conclusory assertions into a viable claim for fraud. Count V of the Complaint will be dismissed.

Count VI of Plaintiff's Complaint purports to set forth a claim against Gibson & Perkins, P.C., Attorney Fellman, and Attorney Siddons for professional negligence. Compl. at p. 21-22, ¶¶ 48-49. "To maintain a claim of legal malpractice based on negligence, a plaintiff must show an attorney-client or analogous professional relationship with the defendant-attorney." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 806 (Pa. Super. Ct. 2007) (citing *Guy v. Liederbach*, 459 A.2d 744, 746, 750 (Pa. 1983)). The general rule in Pennsylvania is that "an attorney will be held liable for negligence only to their client." *Mentzer & Rhey, Inc. v. Ferrari*, 532 A.2d 484, 486 (Pa. Super. Ct. 1987) (citations omitted). Here, Plaintiff was not a client of Mr. Fellman or Mr. Siddons. Rather, they were opposing counsel.[13] Plaintiff's professional negligence claim will be dismissed.

---

[12] In his Response, Plaintiff asserts that there was "clearly a joint misrepresentation by Whelan and the Mardinly Parties that Hatchigian was not entitled to the requested discovery which reasonably led to Plaintiff to belief [sic] that his discovery rights were limited to the discovery exchanged at the time of arbitration." ECF 13 at 20.

[13] Indeed, Plaintiff affirmatively pleads that he was a "nonclient." Compl. at p. 22 ¶ 49. In his Response, Plaintiff asserts that he nonetheless has standing to sue for professional negligence – even though he was not Defendants' client – because "a reasonable fact finder may conclude that in seeking reimbursement of his repair costs, Mr. Hatchigian was a third party beneficiary of adverse counsel's arrangement with Client Mardinly Enterprises and Dave Mardinly." ECF 13 at 20 n.8. But as Defendants correctly note in their Reply, Mr. Fellman and Mr. Siddons were retained for the specific purpose of *defending* Mr. Mardinly and MEL *against* Plaintiff's claims, and neither the state court defendants nor their attorneys intended for their representation to benefit Plaintiff. ECF 15 at 4-5.

Count VII of Plaintiff's Complaint purports to set forth a claim against Gibson & Perkins, P.C. for vicarious liability and negligent retention. Compl. at p. 22-23, ¶¶ 50-54. Plaintiff avers that the Defendant law firms are vicariously liable for the Defendant-attorneys' "negligence and fraud." Compl. at p. 22-23 ¶¶ 51-53. But there can be no claim for vicarious liability against an employer in the absence of a prima facie claim against an employee. *Mamalis v. Atlas Van Lines, Inc.*, 560 A.2d 1380, 1383 (Pa. 1989) ("A claim of vicarious liability is inseparable from the claim against the agent" and "termination of the claim against the agent extinguishes the derivative claim against the principal."). Plaintiff does not state any plausible claims for relief against Mr. Fellman or Mr. Siddons, so his claim for vicarious liability against their law firms must also be dismissed.

The Pennsylvania Supreme Court adopted the Restatement (Second) of Torts § 317 to guide lower courts in their evaluation of negligent retention claims. *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 421-22 (Pa. 1968); *Gunn v. On The Border Acquisitions, LLC*, 298 F. Supp. 3d 811, 825-26 (E.D. Pa. 2018). Section 317 applies only where it is alleged that the employee was acting outside the scope of their employment. *Id.* The Complaint does not allege that Mr. Fellman was acting outside the scope of his employment. To the contrary, Plaintiff avers that Fellman was "under the direction, supervision, and control" of Gibson & Perkins. Compl. at p. 22-23 ¶¶ 51-53. Accordingly, Plaintiff has not stated a claim for negligent retention and/or supervision.

## IV. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss will be granted. Because I see no conceivable basis on which Plaintiff can state a plausible claim, and because I am

concerned about whether Plaintiff is pursuing this action to harass the Defendants, dismissal will be with prejudice. An appropriate order follows.

 /s/ Gerald Austin McHugh  
United States District Judge
